

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-26-00069-CV
No. 07-26-00070-CV

IN RE CHAUNSEY DIGBY, RELATOR

ORIGINAL PROCEEDING

January 30, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Relator Chaunsey Digby, proceeding pro se, has filed two petitions for mandamus relief. We believe the applications are intended to request the same relief from the same underlying cause of action. We will treat the two petitions as a petition and an amended petition. We deny the petitions.

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court clearly abused its discretion, and (2) no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, the relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig.

proceeding). To meet this burden, the relator must provide a record sufficient to establish her right to mandamus relief. *Id.* at 837; *In re Johnson*, No. 06-13-00137-CV, 2014 Tex. App. LEXIS 52, at *1–2 (Tex. App.—Texarkana Jan. 7, 2014, orig. proceeding) (mem. op.). The record must include "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Additionally, the relator must provide a record that includes a certified or sworn copy of every document that is material to his claim and that was filed in any underlying proceeding. TEX. R. APP. P. 52.7(a)(1). Digby has not filed any record in these proceedings and has thus failed to establish her entitlement to relief.

Moreover, Digby has failed to comply with mandatory requirements for relief identified by Rule 52.3 of the Texas Rules of Appellate Procedure. In one petition Digby has failed to provide the identity of the parties and counsel, a table of contents, table of authorities, a statement of facts, argument with appropriate citations to the appendix or record, certification, and appendix. *See* TEX. R. APP. P. 52.3. In the other application Digby failed to include a table of contents, table of authorities, argument with appropriate citations to authorities and to the appendix or record, certification, and appendix. *See* TEX. R. APP. P. 52.3.

A party proceeding pro se is not exempt from complying with the rules of procedure. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Relator's failure to comply with the requirements of Rule 52 requires denial of the petition. *In re Smith*, No. 07-19-00402-CV, 2020 Tex. App. LEXIS 775 at *2 (Tex. App.—Amarillo Jan. 28, 2020, orig. proceeding) (mem. op.).

Therefore, we deny Digby's petitions for writ of mandamus.


Lawrence M. Doss
Justice